IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eddie Rickie Blackwell, Jr., <br><br>                    PETITIONER, <br><br> v. <br><br> United States of America, <br><br>                    RESPONDENT. | Crim. No. 4:12-cr-00576-TLW-2 <br> C/A No. 4:14-cv-03309-TLW <br><br><br><br><br> **ORDER** |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Eddie Rickie Blackwell, Jr. ("Petitioner"). For the reasons stated below, the Court dismisses the petition.

**I. Factual and Procedural History**

Petitioner was a co-defendant named in a sixteen count Indictment issued on July 24, 2012. ECF No. 3. Petitioner was charged in Counts 1 and 2 of the Indictment with drug offenses in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)( C) and 846.

On February 20, 2013, pursuant to a written plea agreement, Petitioner pled guilty to Count 1 of the Indictment: Conspiracy to Distribute 28 grams of crack cocaine and 500 grams of powder cocaine in violation of 21 U.S.C. § 846. ECF Nos. 243, 245. The plea agreement called for a stipulated sentence of 84 months imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). On August 14, 2013, the Court sentenced Petitioner to the stipulated term of 84 months imprisonment. ECF No. 354. Petitioner did not file an appeal.

On August 14, 2014, Petitioner filed this petition under Section 2255 contending that he was denied the effective assistance of counsel due to his attorney's failure to object to a two–point firearm enhancement he received pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1) and, that the two–point increase for the firearm enhancement should

1

not apply as it was based on false information provided by a Drug Enforcement Administration ("DEA") agent[1]. ECF No. 399 at 13-14. On August 21, 2014, the Government filed a short, but persuasive response opposing the petition as well as a motion for summary judgment. ECF Nos. 400, 401. The Government asserts that Petitioner's contentions concern guideline issues and are not relevant to his sentence since he pled guilty pursuant to an 11(c)(1)(C) plea agreement that provided for a stipulated sentence. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond.

On September 22, 2014, Petitioner filed a response in opposition to the Government's motion for summary judgment. ECF No. 405. In his response the Petitioner asserts, among other things, that he is not challenging the 84–month sentence that he bargained for, but instead the two–point enhancement for the firearm, which he contends, if removed, would have no effect on his sentence. Petitioner states that he is prejudiced by the enhancement because it prevents him from benefitting from the Bureau of Prisons Residential Drug Abuse Treatment Program ("RDAP") a program which this Court recommended that he participate in, as well as other programs offered by the Bureau of Prisons. ECF No. 405 at 3.

## II. 28 U.S.C. Section 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United

---

[1] U.S.S.G. § 2D1.1(b)(1) establishes a two-level enhancement "[i]f a dangerous weapon (including a firearm) was present." The Commentary indicates that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense." U.S.S.G. § 2D1.1, Commentary n.11(A).

2

States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In *Leano*, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano*, 334 F. Supp. 2d at 890 (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a Section 2255 motion, the court need not hold a hearing if "the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. This Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

III. **Standard of Review**

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions

3

which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In this matter, the Government filed a motion for summary judgment. ECF No. 174. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255. (1986).

## IV. Discussion

Petitioner alleges two grounds of relief. Petitioner first alleges that his counsel was ineffective for failing to object to the two–point firearm enhancement he received. ECF No. 399 at 13. He next alleges that the two –point firearm enhancement was based on false information from the DEA agent and does not apply. ECF No. 399 at 14.

**1. Ineffective Assistance of Counsel**

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To succeed on an ineffective assistance of counsel claim, Petitioner must prove (1) that counsel's acts or omissions fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Under the first prong, courts "apply a 'strong presumption' that trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689). "[Counsel's] errors must have been so serious that he was not 'functioning as the counsel guaranteed the defendant by the Sixth Amendment.'" *Id.* (quoting

4

*Strickland*, 466 U.S. at 687).

"In order to establish prejudice under the second prong of *Strickland*, a defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' A reasonable probability is a 'probability sufficient to undermine confidence in the outcome.'" *Roane*, 378 F.3d at 405 (quoting *Strickland*, 466 U.S. at 694). A defendant who alleges ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. See *Hill v. Lockhart*, 474 U.S. 52, 53–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir.1988). In *Hooper*, the Fourth Circuit stated that:

> When a defendant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [Strickland] test is slightly modified. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on trial." (emphasis added.)

Here, Petitioner asserts that his counsel was ineffective for not objecting to the two–point firearm enhancement[2] at sentencing due to counsel's failure to investigate. Petitioner's assertion is insufficient to support a claim for ineffective assistance of counsel as Petitioner fails to show that counsel's failure to object to the enhancement was objectively unreasonable and prejudicial as Petitioner's 84-month sentence was imposed pursuant to his 11(c)(1)(C) plea agreement, not pursuant to the guidelines. *United States v. Powell*, 347 F. App'x. 963, 965 (4th Cir. 2009) ("A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the guidelines.") (citing *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005)). According to the PSR, the Guideline range in this case was 135 to 168 months. ECF No. 269-1 at 1. In the instant matter, the parties jointly stipulated to a sentence outside the advisory

---

[2]According to the Presentence Investigation Report ("PSR") three witnesses advised law enforcement that they either observed Petitioner in possession of a firearm or they were aware that Petitioner possessed a firearm during the course of his drug dealings. ECF No. 269 ¶ 81.

Guidelines. Thus, the Guidelines did not play a central role in the Court's sentencing of Petitioner, and the parties did not contemplate that the stipulated sentence was to be a sentence within the advisory Guidelines range. The Rule 11(c)(1)(C) sentence that Petitioner received was below the calculated advisory Guidelines range. Notably, the two–point enhancement, that Petitioner now contends counsel should have objected to, had no effect on the stipulated sentence he received. Further, Petitioner did not raise this issue at sentencing nor would there have been any plausible basis for his counsel to do so, in light of the stipulated and favorable sentence imposed of 84 months. This Court concludes there is no basis for relief nor any basis to remove a firearm enhancement set forth in the presentence report where the sentence was imposed pursuant to Rule 11(c)(1)(C), not the advisory Guidelines. The Court does not conclude that counsel's representation was outside the wide range of professional assistance such that he should have objected to the two–point enhancement at issue. Counsel negotiated a favorable sentence for Petitioner with the Government. This claim has no merit.

**2. Alleged Error in Applying Two–Point Firearm Enhancement**

Moreover, Petitioner's second ground for relief– that he improperly received a two–point firearm enhancement based upon false information from a DEA agent– has no merit. ECF No. 399 at 14. The sentence in this case was imposed pursuant to Rule 11(c)(1)(C). Petitioner did not object to the enhancement at sentencing. Petitioner's assertion raised now, not raised at sentencing, concerning his belief that the two–point firearm enhancement was based upon false information provided by a DEA agent and was unsubstantiated by documentation or testimony, simply is not sufficient to create a material issue of fact to support his claim. *See Angel Medical Center, Inc. v. Abernathy*, 1 F. App'x. 217 (4th Cir. 2001). In fact, the record reflects that the two–point enhancement arose out of statements from "numerous historical witnesses" who advised law enforcement that they either observed Petitioner in possession of a firearm or were

6

aware that he possessed a firearm during the course of his drug dealing[3]. ECF No. 21, ¶ 81. Further, on August 14, 2013, this Court conducted a sentencing hearing. At the hearing, again Petitioner neither objected to the two–point enhancement nor raised a challenge in relation to this matter or the information in the presentence report. ECF No. 354. Finally, as set forth previously, Petitioner voluntarily signed an 11(c)(1)(C) plea agreement agreeing to a stipulated sentence of 84 months that was below the advisory Guideline guidelines range of 135-168 months. As such, the firearm enhancement set forth in the PSR had no effect on Petitioner's sentence. For these reasons, Petitioner's second ground for relief has no merit.

**V. Conclusion**

For the reasons stated, the Government's motion for summary judgment, ECF No. 401, is GRANTED and the Petitioner's petition for relief pursuant to Section 2255, ECF No. 399, is DENIED.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of

---

[3] U.S.S.G. § 2D1.1(b)(1) establishes a two-level enhancement "[i]f a dangerous weapon (including a firearm) was present." The Commentary indicates that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense." U.S.S.G. § 2D1.1, Commentary n.11(A). Petitioner submitted Affidavits from himself, his mother, and a friend, Joshua Louallen. See ECF Nos.405-1, 405-2, 406. The court reviewed these Affidavits and finds that they do not establish that it is clearly improbable that a weapon was connected to Petitioner's offense. Accordingly, the court is not persuaded that the § 2D1.1 enhancement was erroneous.

Appellate Procedure.

**IT IS SO ORDERED**.

                s/ Terry L. Wooten
                Terry L. Wooten
                Chief United States District Judge

January 11, 2016
Columbia, South Carolina